Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5855 | **DATE** | November 29, 2001 |
| **CASE TITLE** | PARRILLO v. REILLY et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

ORAL MOTION TO CORRECT ORDER OF NOVEMBER 28, 2001

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's oral motion to correct the order of November 28, 2001 is granted. The offending sentence has been deleted and replaced with the following sentence: "Although Mr. Parrillo is not a lawyer, his briefs are legally sophisticated--so much so that I thought he was a lawyer--and Mr. Parillo should have known better."

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 0 5 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | 57 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| DW | courtroom deputy's initials | 01 DEC -4 PM 4:35 | DEC 0 5 2001 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DONALD W. PARRILLO
and KIMBERLY E. SCHOB,

    Plaintiffs,

v.

NANCY L. REILLY, et al.,

    Defendants.

No. 01 C 5855
Judge James B. Zagel

DOCKETED
DEC 0 5 2001

REVISED
## MEMORANDUM OPINION AND ORDER

    Plaintiffs Donald Parrillo and his daughter Kimberly Schob bring this *pro se* action for purported violations of their civil rights and for legal malpractice in connection with the domestification of a divorce judgment in favor of Mr. Parrillo's former wife, Nancy Reilly. The complaint alleges a bizarre conspiracy theory in which four LaPorte County Superior Court judges, LaPorte County, Indiana, several county officials, Mrs. Reilly, Mrs. Reilly's attorneys, Mr. Parrillo's attorney and Ms. Schob's attorney are all implicated. Plaintiffs seek in excess of 30 million dollars in damages.

    The purported aim of the conspiracy was wrongfully to deprive plaintiffs of a condominium in Michigan City, Indiana. The condominium was seized to satisfy an Illinois judgment against Mr. Parrillo who, an Illinois court found, wrongfully withheld alimony payments from his former wife for some 24 years. During the pendency of the Indiana domestification action, Mr. Parrillo was less than honest in his representations to the state court. He failed to disclose certain records from a company he owned, for which he was held in

contempt and jailed. Then, shortly before the judicial sale, he made a sham transfer of the condominium to his daughter. In the end, he lost the case; the condominium was sold.

Unhappy with his prospects on appeal in Indiana state court, Mr. Parrillo now comes to this court in a thinly veiled attempt to re-open the state court litigation, and, it would seem, to punish everyone who was involved in the domestification action. Although Mr. Parrillo is not a lawyer, his briefs are legally sophisticated – so much so that I thought he was a lawyer – and Mr. Parrillo should know better.

### Defendants Rice, Wesolowski, and Reilly

Mr. Rice and Mr. Wesolowski were Ms. Reilly's attorneys in the state court proceeding. Plaintiff alleges that they "engaged in falsifying court documents" and conspired with the judge to deprive Mr. Parrillo of his rights. In particular, plaintiff complains that defendants falsified a portion of the Illinois judgment order which stated that the alimony payments were to be made in increments of $1000 per month. Plaintiff made these same claims in the state action; they were considered and explicitly rejected:

> "The allegations by Mr. Parrillo that Mr. Rice at the June 9, 1997 [sic], mislead and/or perpetrated some sort of fraud upon the Court is totally unsupported by the record of those proceedings." Thus, the evidence does not support the defendant's Donald W. Parrillo's Motion for Relief from Judgment pursuant to TR 60(B)(3)." (J. Baldoni's Order of 11/4/98).

Although the state court only mentioned Rice by name, it is clear that the court generally rejected Mr. Parrillo's claims of fraud. The fraud claims were part and parcel of his more general defense, also rejected, that the Indiana court lacked the power to order payments in excess of $1000 per month. If Mr. Parrillo believed that there were improprieties in the proceedings, he should have appealed. Plaintiff's attempt to portray the loss of his condominium as a federal

2

civil rights action not argued in state court is insufficient to overcome the Rooker-Feldman doctrine. *See Manley v. City of Chicago*, 236 F.3d 392 (7th Cir. 2001).

**Defendant Back**

Michael Back was retained to represent Ms. Schob in an action against her mother for taking the condominium. Ms. Schob claims that Mr. Back committed legal malpractice by appearing at the state court proceeding against her instructions. Under Indiana law, a plaintiff who brings a malpractice claim must show that the outcome of the underlying litigation would have been more favorable but for the attorney's negligence; she must also show damages. *See Picadilly, Inc. v. Raikos*, 582 N.E.2d 338, 344 (Ind. 1991). Ms. Schob has not plead a valid claim for legal malpractice because the causation and damages elements are missing. Even if Mr. Back appeared in state court against plaintiff's instructions, there is no explanation of how she was injured by her attorney's efforts to stay the sale of the condominium. And where are the damages? In an unrelated action, a U.S. Bankruptcy Court found that the transfer of the condominium from Mr. Parrillo to Ms. Schob, in order to defraud Ms. Reilly, was invalid. The malpractice claim must be dismissed for failure to state a claim.

In Count V, Ms. Schob alleges that Mr. Back violated her civil rights in violation of § 1983 by "conspiring with defendant Donald W. Rice and the court to force the plaintiff to accept the legitimacy of the seizure and sale at public auction of plaintiff's Property." Ms. Schob insists that she is challenging the conduct of Mr. Back as an individual and not the actions of the state court. This may be, but, as stated above, the LaPorte County Superior Court specifically considered and rejected plaintiff's claim that the actions of the individuals in question amounted to a conspiracy.

3

### Defendant Woloshansky

Mr. Woloshansky, an attorney, met the plaintiff during the period of his incarceration at the LaPorte County Jail. Parrillo asked Woloshansky to represent him in a bankruptcy proceeding, and claims that he paid him $1000. Mr. Parrillo has now sued for malpractice and under § 1983, claiming that Woloshansky "abandoned" him, tried to settle the case against plaintiff's wishes, and conspired with Ms. Reilly and the court to keep Parrillo in jail.

The § 1983 conspiracy claim is dismissed. What plaintiff is asking me to do is to review the propriety of Judge Baldoni's decision to hold him in contempt and to impose a jail sentence. This no federal district court can do. *See Heck v. Humphrey*, 512 U.S. 477 (1994).

That leaves the malpractice action. The claim of abandonment after a payment of $1000 cannot be dismissed on the pleadings.

I will, however, transfer the case pursuant to 28 U.S.C. § 1404(a). Defendant is an Indiana lawyer whose services were retained in Indiana for the purpose of filing a bankruptcy petition in the U.S. Bankruptcy Court for the Northern District of Indiana. The Northern District of Indiana is the judicial district in which "a substantial part of the events or omissions giving rise to the claim occurred." *See* 28 U.S.C. § 1391(b)(2).

The motions to dismiss by Back, Rice, Wesolowski, and Reilly are granted. Woloshansky's motion to dismiss the § 1983 claim is granted; Woloshansky's motion to dismiss the malpractice claim is denied without prejudice. The malpractice claim against Woloshansky is transferred to the United States District Court for the Northern District of Indiana.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: NOV 29 2001